The construction which the bill attempts to put upon the contract is that it was a purchase by the defendants of the plaintiff's house and land at a certain price in money, to be discharged in part, on certain conditions, in lands; and the plaintiff is not now bound to take the land, but is entitled to money, because the conditions have not been strictly performed. The construction cannot be supported. It is one of those hard and rigorous interpretations which equity says it is against conscience to make. The substance of the agreement is for the land on both sides, and is the common case of an executory contract, which will be specifically decreed here. It is, however, mainly insisted that the agreement was for lands of a particular description, and that complainant is bound to receive none but such as come within it. It might be very necessary to consider the effect of this position if the covenant extended to lands generally, in which case, perhaps, the defendant must be held to have undertaken to procure such as he stipulated for, since the plaintiff had no opportunity of exercising his own judgment at all as to particular land at the time of entering into the agreement. But here it is clear that these identical lands were the subjects and exclusively the subjects to which the parties had reference. They do not say the sum of $1,500 is payable in any land to be valued to that sum, without regard to situation, quantity, or quality; but in two tracts each of a particular (305) number of acres, and both then owned by the defendant and situate in Tennessee. These, then, were the very lands contemplated. And the question is brought down to the common one whether the vendor has described them to the vendee as having particular qualities, which were essential to the purpose of the vendee in the purchase and without which he would not have bought them at all, because they were of no value to him; or whether the difference between them as described and as they turn out in fact to be affects their value to the vendee only in such way as admits of compensation. Upon that there seems to be no reason to hesitate. They were described as having been valued by the locators at $3 per acre. They had not been so valued. But they yet may be; and they may now turn out to be of that quality which locators at the time valued at that price, or, if they should not, the difference must be made up. A variance in this respect is not a ground for rescinding the contract, but admits of compensation; and such compensation must be taken when the amount shall be ascertained by the master, to whom also either party may have a reference of the defendant's title. It is a total perversion of the contract to say it was for money, or is now for money, for aught that has been made yet to appear.
PER CURIAM. Direct a reference. *Page 247